Boynton, O. J.
To entitle the plaintiff to dower in the premises demised by Isaac C. Abbott to Nason, it must appear that sncli estate was one of inheritance within the meaning of the act relating to dower, passed January 28, 1823 (1824). 29 Ohio L. 249. The first section of that act provided, that the widow of any person dying shall be endowed of one full and equal third paid of all lands, tenements and real estate of which her husband was seized, as an estate of inheritance, at any time during the coverture. And of one-third paid of all the right, title and interest, that her husband at the time of his decease had in any lands and tenements, held by bond, article, lease, or other evidence of claim.
By the act of March 5, 1839 (2 S. & 0. 1142), it is provided, “ that permanent leasehold estates, renewable forever, shall be subject to the same law of descent and distribution as estates in fee simple are or may be subject to.” If it be granted that the effect of this provision is to convert permanent leasehold estates into estates of inheritance, where the instrument creating the estate is properly executed and acknowledged, and that the widow of the lessee is consequently entitled to dower in the leasehold premises, there still is an insuperable objection to the plaintiff’s right of dower in the estate or interest assigned to her husband by Jonathan Ely.
The lease to Ely from the trustees of the seminary had but one witness, and his lease to Abbott had but one. Consequently neither of them acquired any legal title to the premises demised. The first section of the act to provide for the proof, acknowledgment and recording of deeds and other instruments of writing (1 S. & 0. 458) requires the signing and sealing of all instruments in writing by which any land, tenement or hereditament shall be conveyed, or otherwise affected or incumbered in law, to be acknowledged by the grantor or maker in the presence of two witnesses, who must attest such signing and sealing, and subscribe their names to such attestation. By the ninth section of said act, a lease of school or ministerial lands for a term not exceeding ten years, and of any other lands for a term not exceeding three years, is excepted from this requirement.
*608 The lease in the present case does not fall within the class not required to be acknowledged. It was a lease for ninety-nine years, renewable forever, and to create thereby a legal estate or seizin, its execution attested by two witnesses, was an indispensable formality. Hence, the estate acquired by Ely, and the only one he could part with, was wholly equitable; and had he possessed a legal estate instead of an equitable one, Abbott could have acquired but an equitable interest under a lease attested by but one witness. To entitle a widow to dower in an estate of which her husband had an equitable title only, he must have owned such equitable estate at the time of his decease. Rands v. Kendall, 15 Ohio, 671.

Judgment affirmed.